UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21438

DENISE DORZIE,
For Herself and Others Similarly Situated

      Plaintiff,

vs.

NOMI HEALTH, INC.,
SBP STAFFING AND RECRUITING LLC,
SB PORT VENTURES LLC, and
TRIXIE BELO-OSAGIE,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Denise Dorzie, for herself and others similarly situated, through her undersigned counsel and sues Defendants, Nomi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi, for unpaid/underpaid overtime wages as follows:

### *Overview*

1.    Plaintiff brings this Amended Complaint for herself and other similarly situated employees who were entitled to receive overtime wages while working for Defendants in Florida.

2.    Plaintiff asserts the following four (4) claims for herself and others similarly situated to obtain legal recourse for Defendants' systematic failure to pay overtime wages:

Count I:    A proposed "opt-in" collective action for the recovery of the overtime wages that Defendant, Nomi Health, Inc. improperly failed to pay pursuant to 29 U.S.C. §216(b);

1

Count II:    A proposed "opt-in" collective action for recovering the overtime wages that Defendant, SBP Staffing and Recruiting, Inc., LLC, improperly failed to pay pursuant to 29 U.S.C. §216(b);

Count III:   A proposed "opt-in" collective action for recovering the overtime wages that Defendant, SB Port Ventures, LLC, improperly failed to pay pursuant to 29 U.S.C. §216(b); and

Count IV:    A proposed "opt-in" collective action for recovering the overtime wages that Defendant, Trixie Belo-Osagie, improperly failed to pay pursuant to 29 U.S.C. §216(b).

3.      Plaintiff brings her FLSA overtime wage claims as a proposed "opt-in" collective action under 29 U.S.C. §216(b) and seeks to recover unpaid overtime wages (half-time), liquidated damages, declaratory relief, and reasonable attorneys' fees and costs on behalf of herself and all other similarly situated persons who worked for Defendants within the three (3) years before the filing of this action and who eventually opt into the case.

4.      Plaintiff also knows of (and the undersigned counsel also currently represents) other similarly situated persons who have and/or are interested in opting into the collective class proposed by this action with the Court supervising the process.

*Parties*

5.      **Plaintiff, Denise Dorzie,** and the others similarly situated are *sui juris* adults who worked or who work for Defendants in Miami-Dade and Broward Counties to carry out Defendants' performance of COVID-19 testing and vaccinations during the three (3) years before the filing of the Complaint and up through the rendition of a judgment in this matter.

2

6.      Plaintiff is a Registered Nurse ("RN") worked for the Defendants to provide care within the confines of her abilities to clients/patients of Nomi Health, Inc., in connection with the COVID-19 testing and vaccinations as directed by Defendants.

7.      Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

8.      Plaintiff was a non-exempt employee of the Defendants.

9.      Defendants are believed to have records identifying the days on which they employed Plaintiff and the other similarly situated persons who provided COVID-19 testing and vaccination services, including those who are registered nurses, licensed practical nurses, and paramedics.

10.     **Defendant, NoMi Health, Inc. ("Nomi")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

11.     **Defendant, SBP Staffing and Recruiting LLC ("SBP")**, is a Florida limited liability company authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in this District, at all times material.

12.     **Defendant, SB Port Ventures LLC ("SB Port")**, is a Florida limited liability company authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in this District, at all times material.

13.     **Defendant, Trixie Belo-Osagie**, was at all times material an owner/officer/director/manager of SBP Stafing and SBP, for the time period relevant to this lawsuit. She ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all

3

operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages and the wages of others similarly situated.

14.     Defendants were the direct employers, joint employers, and co-employers of Plaintiff, as the term "employer" is defined by 29 U.S.C. §203 (d).

15.     Defendants also were the "employers" of the other similarly situated employees who worked for Defendants in Florida.

16.     Defendants, Nomi, SBP, SB Port, and Belo-Osagi, conducted and/or coordinated the training sessions that Plaintiff and the others similarly situated were required to attend.

17.     Defendants, Nomi, SBP, SB Port, and Belo-Osagi, would conduct and/or coordinate schedules Plaintiff and the others similarly situated were required to work by instructing them on when and where to work and the job duties they expected each to perform.

18.     Defendants maintained the control, oversight, and direction over Plaintiff and the others similarly, including the ability to hire, fire, and discipline them.

19.     Defendants, SBP and SB Port, issued payments for the hours Plaintiff and the others similarly situated performed.

20.     Defendants, SBP and SB Port, would then bill Nomi for the hours Plaintiff and the others similarly situated performed, which initially included the submission for and the payment of overtime hours by Nomi to SBP and/or SB Port.

21.     Defendants, Nomi, SBP, SB Port, and Belo-Osagi, established the policies and procedures that Plaintiff and the others similarly situated were to follow in their work.

22.     Defendants jointly employed Plaintiff and the others similarly situated within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and

4

utilized a unified nucleus of control. Therefore, they are jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff and the others similarly situated.

## Jurisdiction and Venue

23.     Defendants regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

24.     Defendant Nomi is a foreign corporation engaged in interstate commerce by contracting with different private and governmental entities to provide COVID testing and vaccination services for locations in different states, including Florida.

25.     Furthermore, all Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, different State entities, and/or the United States government.

26.     Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printer and copier toner, and other materials and supplies that traveled in interstate commerce to engage in interstate commerce.

27.     Defendants' annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each relevant fiscal quarter.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

28.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

29.     This Court has original jurisdiction over Plaintiff's federal question claims under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

### Factual Allegations

30.     Defendants provided COVID-19 testing and vaccination at various sites throughout Florida using a workforce comprised almost entirely of independent contractors on which they relied to carry out the duties they contractually obligated themselves to undertake in Florida for various state, municipal, and local governmental entities.

31.     Plaintiff worked for the Defendants from approximately March 2021 to May 2022.

32.     The others similarly situated also worked under persons employed by the Defendants, who coordinated their schedules, controlled their work (including where, when, and how it was to be performed), and were likewise economically and financially dependent on the Defendants.

33.     Plaintiff and the others similarly situated utilized the testing materials, vaccines, syringes, swabs, materials, tents, software, materials, and supplies provided to her by the Defendants at the locations, dates, and times designed by Defendants to perform the work that Defendants instructed her to perform and which they supervised and directed her to perform.

34.     Plaintiff and the others similarly situated were required to show up for work, and the Defendants would provide them with the patients, the testing materials, the vaccines, the paperwork, and nearly everything they needed to perform their work.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## *Collective Action Allegations*

35.     During the past three years, Defendants employed more than 25 other registered nurses, licensed practical nurses, paramedics, and medical assistants similarly situated to Plaintiff in Florida.

36.     The FLSA creates a cause of action against each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated.

37.     Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all other similarly situated individuals who are part of the following:

> All persons who worked, were employed by, or engaged as to perform COVID-19 testing or vaccinations by Nomi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi, in Florida any time during the three (3) years prior to the filing of the initial Complaint and up through the rendition of a judgment in this matter.

38.     These individuals identified in paragraph 38 are referred to as the "Collective."

39.     The purported Collective includes the persons who were paid hourly to provide COVID-19 testing and vaccination services, such as registered nurses, licensed practical nurses, paramedics, and medical assistants who worked for Defendants during the past three years, who were paid on an hourly basis, and who earned or were entitled to receive overtime wages but were not paid at time and one-half their regular hourly rate(s) of pay, and who were subject to the same pay practices as Plaintiff.

7

40.      Plaintiff performed the same type of work under the same procedures, rules, and regulations as Defendants' other similarly registered nurses, licensed practical nurses, paramedics, and medical assistants in Florida.

41.      The Collective of similarly situated workers who may become plaintiffs in this action are currently and formerly employed registered nurses, licensed practical nurses, paramedics, and medical assistants who worked for Defendants and who were not paid all the overtime that they earned.

42.      The Collective of similarly situated registered nurses, licensed practical nurses, paramedics, and medical assistants of Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

43.      The similarly situated workers are known to Defendant and can be located through Defendants' records.

44.      Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

45.      Collective Action treatment of the Plaintiff's FLSA overtime wage claims is appropriate because they and the Collective were subjected to the common business practices referenced in this Count, and the success of their FLSA claims depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failure to properly pay overtime wages that the Collective earned and were entitled to receive, but which the Defendants failed to pay.

*Liability Allegations*

46.      Defendants assigned Plaintiff and the others similarly situated the work they were to

8

perform, including where, when, and the hours each was to perform the work.

47.     If Plaintiff or the others similarly situated were running late, each was required to inform the "site lead" or other supervisory personnel who worked for the Defendants.

48.     Defendants required Plaintiff and the others similarly situated to attend training sessions, identifying where and when each was to attend them, provided the information and materials on which they would train each person, and Defendants maintained records of who attended which training and when.

49.     Plaintiff and the others similarly situated regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

50.     Defendants required Plaintiff and the others similarly situated to log in and out of work through online time-tracking applications.

51.     All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

52.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

<u>COUNT I – FLSA OVERTIME VIOLATION</u>
**(AGAINST NOMI HEALTH, INC.)**

Plaintiff, Denise Dorzie, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

53.     Defendant, Nomi, failed and refused to pay Plaintiff and the others similarly situated an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

9

54.     Defendant Nomi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

55.     Defendant Nomi was not only previously sued in federal court for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA, it also has been sued in arbitration by over 80 other former employees. Yet, it still failed to pay Plaintiff and the others similarly situated overtime wages.

56.     Defendant Nomi either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct its violations timely.

57.     Defendant Nomi should have known that Plaintiff and the Collective were employees misclassified as independent contractors and not timely paid the overtime they earned from the multitude of lawsuits and arbitrations filed against it by others who worked for it in South Florida and elsewhere, but yet it failed and refused to timely pay the overtime earned.

58.     Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

## COUNT II – FLSA OVERTIME VIOLATION
## (AGAINST SBP STAFFING AND RECRUITING LLC)

Plaintiff, Denise Dorzie, reincorporates and realleges paragraphs 1 through 52 as though set

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

forth fully herein and further alleges as follows:

59.     Defendant, **SBP** Staffing, failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the **FLSA**.

60.     Defendant **SBP** engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

61.     Defendant **SBP** was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the **FLSA**. Yet, it still failed to pay Plaintiff and the Collective overtime wages.

62.     Defendant **SBP** either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the **FLSA** and then failed to correct its violations timely.

63.     Defendant **SBP** should have known that Plaintiff and the Collective were employees misclassified as independent contractors and not timely paid the overtime they earned from the multitude of lawsuits and arbitrations filed against it by others who worked for it in South Florida, yet it failed and refused to timely pay the overtime earned

11

64.     Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

<div align="center">

**COUNT III – FLSA OVERTIME VIOLATION**
**(AGAINST SB PORT VENTURES LLC)**

</div>

Plaintiff, Denise Dorzie, reincorporates and realleges paragraphs 1 through 52 as though set forth fully herein and further alleges as follows:

65.     Defendant **SB Port** failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the **FLSA.**

66.     Defendant **SB Port** engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

67.     Defendant **SB Port** was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the **FLSA.** Yet, it still failed to pay Plaintiff and the Collective overtime wages.

68.     Defendant **SB Port** either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the **FLSA** and then failed to correct its violations timely.

<div align="center">

12

</div>

69.     Defendant SB Port should have known that Plaintiff and the Collective were employees misclassified as independent contractors and not timely paid the overtime they earned from the multitude of lawsuits and arbitrations filed against it by others who worked for it in South Florida and elsewhere, yet it failed and refused to timely pay the overtime earned.

70.     Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

## COUNT IV – FLSA OVERTIME VIOLATION
### (AGAINST TRIXIE BELO-OSAGIE)

Plaintiff, Denise Dorzie, reincorporates and realleges paragraphs 1 through 52 as though set forth fully herein and further alleges as follows:

71.     Defendant Belo-Osagi failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

72.     Defendant Belo-Osagi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and her other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

73.     Defendant Belo-Osagi was sued previously for failing to pay her employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff and the Collective overtime wages.

13

74.     Defendant Belo-Osagi either knew from prior experience or recklessly failed to investigate whether her failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct her violations timely.

75.     Defendant Belo-Osagie should have known that Plaintiff and the Collective were employees misclassified as independent contractors and not timely paid the overtime they earned from the multitude of lawsuits and arbitrations filed against it by others who worked for it in South Florida and elsewhere, yet she failed and refused to timely pay the overtime earned.

76.     Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

### PRAYER FOR RELIEF
### (ALL COUNTS)

WHEREFORE Plaintiff, Denise Dorzie, demands the entry of a judgment in her favor and in favor of the Collective and against Defendants, NoMi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi, on all counts, jointly and severally after trial by jury, and as follows:

a.   Designating this Count as a Collective Action by Denise Dorzie on behalf of the Collective she represents under the Fair Labor Standards Act, issuing notice under 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms under 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing the initial Complaint until the expiration of the deadline for filing consent to sue/join forms under 29 U.S.C. § 216(b);

b.   Designating Plaintiff as the representative for the Collective;

c.   Designating the undersigned as counsel for the Collective;

14

    d.   Determining that Defendants were a "joint enterprise" for purposes of the FLSA;

    e.   Determining that Defendants were the "joint employers" of Plaintiffs and the Collective and jointly and severally liable for all damages awarded;

    f.   Awarding Plaintiff and the Collective unpaid overtime wages (half-time) and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

    g.   Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

    h.   Issuing an injunction prohibiting Defendants from continued unlawful practices, policies, and patterns set forth herein;

    i.   Awarding pre-judgment and post-judgment interest as provided by law;

    j.   Awarding reasonable attorneys' fees and costs;

    k.   Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA;

    l.   Declaring that the statute of limitations should be three (3) years; and

    m.  Awarding such other and further relief that this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Denise Dorzie, demands a trial by jury of all issues so triable.

Respectfully submitted this <u>17th</u> day of April 2024,

<div style="margin-left:40%">

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

</div>

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*